**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-60492
Summary Calendar

ROBERTO CARLOS GODINEZ; MIRNA GODINEZ

Petitioner

v.

ERIC H HOLDER, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A72 521 694; A79 536 026

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:*

Petitioners Roberto Carlos Godinez and Mirna Godinez seek review of a
Board of Immigration Appeals (BIA) decision dismissing their appeal in which
they challenged the Immigration Judge's denial of their requests for cancellation
of removal, asylum, withholding of removal, protection under the Convention
Against Torture (CAT), and voluntary departure. They contend that the BIA
erred in denying Roberto's asylum claim because he established a well-founded

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

fear that if he were removed to El Salvador, he would be persecuted on the basis of his political opinion regarding the Farabundo Marti National Liberation Front.

The Godinezes do not challenge the BIA's ruling affirming the denial of withholding of removal, cancellation of removal, relief under the CAT, or voluntary departure. They have therefore abandoned these issues. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review factual findings of the BIA for substantial evidence and may not reverse its factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The petitioners have the burden of proving the compelling nature of the evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). The Godinezes have failed to establish that any reasonable adjudicator would be compelled to conclude that Roberto has a well-founded fear of persecution. *See* § 1252(b)(4)(B); *Efe v. Ashcroft*, 293 F.3d 899, 904 (5th Cir. 2002).

PETITION FOR REVIEW DENIED.